IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AKECHETA MORNINGSTAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 25-455 (MN) |
| | ) |
| NEW AMERICAN FUNDING, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

Akecheta Morningstar, Jackson, Mississippi – *Pro Se* Plaintiff

April 29, 2025
Wilmington, Delaware

*Maryellen Noreika*

**NOREIKA, U.S. DISTRICT JUDGE:**

On April 14, 2025, Plaintiff Akecheta Morningstar, of Jackson, Mississippi, initiated this civil action pro se, alleging claims arising from a contract dispute against Defendant New American Funding, incorporated in the State of Delaware. (*See* D.I. 2). Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to review and screen the Complaint (D.I. 2) pursuant to 28 U.S.C. § 1915(e)(2)(b).

I.  **BACKGROUND**

According to the civil cover sheet submitted with the Complaint, this case raises fraud and breach of contract claims by way of diversity jurisdiction for which Plaintiff seeks at least $80,000 in damages. (D.I. 2-1). Plaintiff asserts that this Court has jurisdiction to hear the case because he "sent certified documents to both [the American Arbitration Association] and [Defendant] and they both failed to open up a case." (D.I. 2 at 1). The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

Around March 2022, Plaintiff sought to obtain a mortgage loan from Defendant. (D.I. 2 at 2). One of Defendant's employees and representatives, Chris Cooke, told Plaintiff that Plaintiff would need to pay several debts and complete $6,000 in repairs to be eligible for the loan. (*Id.*). Plaintiff did as Cooke instructed, and then Cooke sent Plaintiff a Truth in Lending disclosure, which Plaintiff signed and returned. (*Id.*). Two days later, Cooke sent Plaintiff an amended Truth in Lending disclosure, and Cooke personally explained the changes made to Plaintiff. (*Id.*). Plaintiff then reread the amended disclosure in full and discovered other changes that Cooke had not mentioned, specifically, Cooke had "changed the residence of [Plaintiff's] wife to be on the property [t]hat [Plaintiff's] daughter owns." (*Id.* at 2-3). When Plaintiff brought this change to

1

Cooke's attention, Cooke "retaliate[d] and cancel[ed] the whole deal, thus, causing [Plaintiff] monetary loss." (*Id.* at 3).

## II. DISCUSSION

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). When a plaintiff proceeds pro se, the pleading is liberally construed, and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014)

(per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

To establish that this suit can be filed with this Court, Plaintiff must show that "the AAA declined to administer the arbitration under [Commercial Arbitration] Rule 1(d)." *Hernandez v. MicroBilt Corp.*, 88 F.4th 215, 217 (3d Cir. 2023). Yet the Complaint merely states that the AAA has failed to open a case. (*See* D.I. 2 at 1). Additional information and supporting documentation are needed to establish that the AAA has declined to administer arbitration under Rule 1(d). Accordingly, the Complaint will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim, and Plaintiff will be granted leave to amend the Complaint (D.I. 2).

## III. <u>CONCLUSION</u>

For the above reasons, the Court will dismiss without prejudice the Complaint (D.I. 2), pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will grant leave to amend.

An appropriate Order will be entered.